UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LEE HEIDINGSFELDER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 09-3920** |
| **BURK BROKERAGE, LLC, ET AL.** | * | **SECTION "B"(3)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Partial Summary Judgment seeking a judgment that (1) Plaintiff was an employee under the Fair Labor and Standards Act ("FLSA"), (2) Defendants were Plaintiff's employers under the FLSA, (3) Plaintiff's employment with Defendants was covered by the FLSA, and (4) striking Defendants' affirmative defenses asserted in Paragraphs 18-32 of Defendant's answer, including allegations that Plaintiff was exempt from the overtime provisions of the FLSA as a bona fide professional and administrative employee (Rec. Doc. No. 23); Defendants' Memo in Opposition thereto which does not dispute that Defendant's were Plaintiff's employers (Rec. Doc. No. 24); and Plaintiff's Reply to Defendants' Memo in Opposition (Rec. Doc. No. 34).

### Cause of Action and Facts of Case

This case arises from a suit for (1) over time pay that Plaintiff alleges was denied her by Defendants in violation of the FLSA and (2) regular wage pay Plaintiff alleges Defendants denied her in a breach of contract and in violation of La. R.S. 23:631-32.

1

Plaintiff was employed by Defendants for almost seventeen months from August 2007 through December 2008 as a "broker's assistant," the title used in her employment contract. (Rec. Doc. No. 23-2 at 6)  Plaintiff's complaint alleges that Defendant Burk Brokerage is an "enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. Section 302(s)(1)" and that Plaintiff, while working for Defendant was "engaged in commence or in the production of goods for commerce" within the meaning of 29 U.S.C. Section 206(a)."  (Rec. Doc. No. 1 at 2) The complaint alleges that Defendants violated overtime provisions of the FLSA, specifically 29 U.S.C. § 207 by failing to pay Plaintiff "one and one-half times the regular rate at which [s]he is employed" for all hours worked over forty hours per workweek.  *Id*. at 3; *see also* 29 U.S.C. § 207(a)(1)

### Contentions of Movant

Movant contends, in a fashion that appears to seek a declaratory judgment, that (1) Plaintiff was an employee of Defendant under the FLSA rather than an independent contractor and that Plaintiff meets the FLSA standard for individual employee coverage and Defendant Burk Brokerage LLC meets the FLSA standard for enterprise coverage; (2) Defendants cannot establish that Plaintiff meets the FLSA standard for the Professional or Administrative exemptions; and (3) that Defendant's remaining

affirmative defenses should be dismissed with prejudice.

## Contentions of Respondent

Respondent first correctly points out that Movant did not comply with Local Rule 56.1 requiring all motions for summary judgment "be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." Respondents thereafter contend that (1) Plaintiff was an Independent Contractor rather than an employee and thus the FLSA provisions invoked by Plaintiff are inapplicable; (2) Plaintiff was an employee exempt from the relevant provisions of the FLSA pursuant to § 213 of the FLSA exempting "bona fide executive, administrative, or professional" employees or any employee "in the capacity of outside salesman".

## Law and Analysis

A.  Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248,

(1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

B. Fair Labor Standards Act

   1. Employee Status

"The ultimate conclusion that an individual is an employee within the meaning of the FLSA is a legal, and not a factual, determination."[1] Thus, in *Cromwell v. Driftwood Elec. Contractors, Inc.*, 2009 WL 3254467 where workers sued alleged employers for violation of the overtime provisions of the FLSA, the Fifth Circuit noted that because determination of employee status is a question of law, and "[b]ecause there are no disputes of material fact, we

---

[1] *Cromwell v. Driftwood Elec. Contractors, Inc.*, 2009 WL 3254467 at 1 (citing *Brock v. Mr. W. Fireworks, Inc.*, 814 F.2d 1042, 1045 (5th Cir.1987) stating "The ultimate finding as to employee status is not simply a factual inference drawn from historical facts, but more accurately is *a legal conclusion based on factual inferences drawn from historical facts*. We thus have held repeatedly that the ultimate determination of employee status is a finding of law . . . ." (emphasis supplied).

also conclude that the district court was correct to resolve the matter on summary judgment."[2]  The legal analysis of employee status is detailed below.

"To determine employee status under the FLSA, we focus on whether the alleged employee, as a matter of economic reality, is economically dependent upon the business to which he or she renders his or her services."  *Herman v. Express Sixty-Minutes Delivery Service, Inc., 161* F.3d 299, 303 (5th Cir. 1998) (*citing Brock v. Mr. W Fireworks*, *Inc.*, 814 F.2d 1042, 1043 (5th Cir. 1987)).  The court's "task is to determine whether the individual is, as a matter of economic reality, in business for himself or herself."  *Id.* (*citing Donovan v. Tehco, Inc.*, 642 F.2d 141, 143 (5th Cir. 1981)).[3]  In conducting this analysis, the Fifth Circuit lists five factors to be considered, none of which alone is determinative; they are "(a) the permanency of the relationship; (b) the degree of control exercised by the alleged employer; (c) the skill and initiative required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer; and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer."  *Thibault*

---

[2]*Cromwell v. Driftwood Elec. Contractors, Inc.*, 2009 WL 3254467 at 1.

[3]Although not at issue in the present case, as Plaintiff's contract with Defendants designated her position as an at will "employee," the Fifth Circuit has noted that contractual designation fo the worker as an independent contractor is not necessarily controlling."  *Thibault v. Bellsouth Telecommunications, Inc.*, 612 F.3d 843, 845-46 (5th Cir. 2010).

*v. Bellsouth Telecommunications, Inc.*, 612 F.3d 843, 846 (5th Cir. 2010) (*citing Hopkins v. Cornerstone Am.*, 535 F.3d 338, 346 (5th Cir. 2008)).

Although not by itself dispositive of the issue, it is relevant to this analysis that both parties state in different filings that, while Plaintiff worked for Defendants, she was not allowed to work for other real estate brokers.[4] Additionally, the Proposed Pretrial Order, in its list of uncontested material facts, contains the statement that "[d]uring the time she worked for Defendants, [Plaintiff] had no other employment or income, and *she was economically dependant on the pay she received from Burk Brokerage LLC*." (Rec. Doc. No. 37 at 11) (emphasis added)

This statement would seem to conclude that Plaintiff was an "employee" under the FLSA allowing the Court to make that legal conclusion; however it seems that genuine issues of material fact regarding the underlying facts that would guide the Court's five factor *Hopkins* analysis.

One issue of material fact that precludes the Court's reaching the legal conclusion of Plaintiff's employee status under the FLSA concerns the second *Hopkins* factor "the degree of control exercised by the alleged employer."  Plaintiff contends in her motion for

---

[4]*See* Plaintiff's Motion for Partial Summary Judgment stating "[Plaintiff] was not allowed to work for any other real estate broker." (Rec. Doc. No. 23-1 at 2); *see also* Affidavit of Defendant Gwen G. Burk attached to Defendants' Motion in Opposition stating "All Louisiana licensed real estate salespersons must be sponsored by a broker and they cannot work for other brokers simultaneously." (Rec. Doc. No. 24-2 at 1)

summary judgment that Plaintiff "was an employee rather than an independent contractor because she was economically dependent on Defendants and they tightly controlled her work. . . . her day to day activities were controlled directly by Defendants" Rec. Doc. No. 23-1 at 7-8  In their memorandum in opposition, Defendants contend that Plaintiff "performed her job frequently outside of the office and the defendants did not keep track of her movements. She kept her own calendar and time sheets and no one else kept track of her activities."  Rec. Doc. No. 24 at 3 Additionally, defendant Gwen G. Burk states in her affidavit (Rec. Doc. No. 24-2) that Plaintiff "used discretion in performing her duties . . . . [s]he controlled and made her own schedule . . . . [w]e did not keep track of when she chose to show a property of do any of her other tasks."  Rec. Doc. No. 24-2 at 3-4

Thus, underlying genuine issues of fact preclude the Court from making the legal determination as to plaintiff's employee status under the FLSA.  Similarly, there exist genuine issues of material fact sufficient to preclude summary judgement regarding whether Plaintiff was an exempt employee under § 213 of the FLSA.

   2. <u>FLSA Exemptions</u>

The relevant provision of the FLSA, 29 U.S.C. § 213, exempts certain employees, among other things, from § 207 requiring

overtime be paid for all hours worked in excess of forty hours a week.  Section 213 states in pertinent part:

> The provisions of section[] . . . 207 of this title shall not apply with respect to--
>    (1) any employee employed in a bona fide executive, administrative, or professional capacity . . . or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary . . . .

29 U.S.C. § 213

### A. Professional or Administrative Employee Exemption

Genuine issues of material fact exist which preclude summary judgment regarding whether Plaintiff was exempt as an administrative or professional employee.  In her motion for partial summary judgment, Plaintiff states that defendants cannot establish that she met the standard for these exemptions.  Plaintiff points to jurisprudence from the Sixth Circuit stating that exemption is to be "narrowly construed against the employers seeking to assert [it]."[5]  However, the Fifth Circuit, in *Belt v. EmCare, Inc.*, 444 F.3d 403, 409 (5th Cir. 2006) stated that the "narrowly construed" passage from *Ben Kanowsky* employed a cannon of strict construction *only* because that case pre-dated Congressional delegation of

---

[5] *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 70 (6th Cir. 1997) (*quoting Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)).  *Ben Kanowsky* dealt with the exemption covering employees of retail establishments and finding that "it is clear that Congress intended that any employer who asserts that his establishment is exempt must assume the burden of proving" the requisite facts. *Id*. at 393.

authorization to the Department of Labor to define the terms of "bona fide ... professional." *Id.*

In reply, Defendants argue that Plaintiff would "be exempt under the administrative and, perhaps, professional exemptions." Rec. Doc. No. 24 at 5  Citing sections of the Code of Federal Regulations requiring employees meeting those exemptions to be compensated on a salary or fee basis at a rate of not less than $455 per week[6] Defendants point out that Plaintiff admitted "salary in excess" of that in her deposition.  Rec. Doc. 24 at 5

B. <u>Outside Salesman</u>

Genuine issues of material fact exist to preclude summary judgment on whether Plaintiff was exempt from overtime provisions of the FLSA as an "outside salesman."  29 C.F.R. 541.500 states:

> The term ``employee employed in the capacity of outside salesman'' in section 13(a)(1) of the Act shall mean any employee: (1) Whose primary duty is: (i) making sales within the meaning of section 3(k) of the Act, or (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and (2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

Defendants state that Plaintiff's duties involved sales of real estate for Defendants or aiding Ms. Burk in the sale of

---

[6] 29 C.F.R. 541.200; 29 C.F.R. 541.300.

properties. Plaintiff contends that "Plaintiff was never credited with any sales and her compensation was not dependant on her making any sales. . . . all of the sales activities Plaintiff worked on were credited to an agent of the brokerage or to Ms. Burk." Rec. Doc. No. 34 at 3

In support of their contention that Plaintiff falls within the "outside salesman" exception, respondents cite attached affidavits and the Department of Labor Field Operations Division Filed Operation Handbook to support the proposition that "real estate sales people generally met the test of outside salespersons." Rec. Doc. No. 24 at 8. Respondents, fail however, to cite any authority to support the implied step in logic that those sources are authoritative or controlling of the determination at issue.

Indeed, although Defendants state that "IRS regulations even suggest that [Plaintiff] should be considered an independent contractor,"[7] the case cited therein in support of this statement, states with clarity:

> Defendants rely on [26 U.S.C.A. § 3508] . . . [b]y its terms § 3508 applies only to . . . the Internal Revenue Code. Defendants have cited no authority whatsoever for the proposition that a classification for income tax purposes has any application to the determination of employee status under the FLSA. Even if this were a factor to be considered, it would not supplant the five-factor

---

[7]Rec. Doc. 24 at 3

>       fact-intensive test used to determine whether, as a
>       matter of economic reality, the individuals in
>       question are economically dependent upon the
>       business to which they render their services.

*Esquivel v. HillCoat Properties, Inc.*, 484 F.Supp.2d 582, 584.

Accordingly, for the reasons stated herein, this Court finds that genuine issues of material fact exist which preclude summary judgment; accordingly, Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 22nd of October, 2010.

_____
UNITED STATES DISTRICT JUDGE